Donald J. Hoskins, Prosecuting Attorney, and J. E. Bowman, Assistant Prosecuting Attorney, Columbus, for plaintiff in error.

Cowan, Adams & Adams, Columbus, for defendant in error.

## INDUSTRIAL COMMISSION v DAVIS

Ohio Appeals, 2nd Dist, Franklin Co

No 2201. Decided June 15, 1932

_HORNBECK, J.

All of the witnesses offered were called by the defendant in error, including the medical expert, Dr. Joseph L. Johnson. So that any reasonable inference which may be drawn from the testimony in favor of the claim of the defendant in error must be indulged.

Defendant in error is entitled, in the absence of other showing, to a presumption that Mr. Davis did not come to his death by violence practiced upon him by any third party. There were two facts which upon defendant in error's theory of the case must have been made to appear probable; first, that Mr. Davis struck his head; and, second, that this blow caused or accelerated his death.

If there was no bruise on his head much strength is lent to the theory that he had not died as a result of striking his head. However, the doctor testifies that because of the color of the skin, the deceased being a colored man, there might be a bruise which would not be noticeable. The theory of the defendant in error is that there was trauma, particularly to the head manifested by the disclosures of the autopsy.

Dr. Johnson definitely supported the theory that Mr. Davis' position when found was not the result of an apoplectic stroke but was induced by the hemorrhage indicated upon the autopsy; that if it were apoplexy he probably would have fallen forward and on his right side because the difficulty was on the left side of the brain. He also refuted any theory of apoplexy by a consideration of the condition of the heart which indicated that it had not been subjected to any great strain, an incident to apoplexy.

In view of the position of the body, the fact that Mr. Davis was partly on his back, that the floor was slippery, that the back of his head was against the door jam, the rug raised up and carried forward with his foot as though he may have slipped, we do not believe that the jury was entirely within the realm of conjecture in determining that he fell and struck his head. Conclusions drawn by the medical expert from the autopsy in conjunction with the physical conditions tended to support the claim that violence to the head caused Mr. Davis' death.

The Grabler Manufacturing Company v Wrobel, 125 Oh St, 110, OLR June 13th, 1932, the latest pronouncement of the Supreme Court on the question under consideration in the instant case, marks the contrast between the facts upon which the Supreme Court acted and those found in this case.

The coroner's finding in the Grabler Manufacturing Company's case expressly disclosed that Wrobel, for whose death claim was made for compensation, in all probability died from natural causes. In the instant case the uncontroverted medical testimony is that Davis died by reason of concussion at the back of the head and to the left side thereof, which because of the schlerotic condition of the arteries caused them to break, resulting in a hemorrhage producing death.

We have considered the cases cited by counsel for plaintiff in error, but do not find them controlling. This case is close, but it is within the probabilities that Mr. Davis fell and that his death was caused or accelerated by reason of his fall, and it is not disputed that he was about the business of his employment at the time of his injury. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.